FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JUL 31  PM 3: 40

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MADISON MARSHALL, III** | CIVIL ACTION |
| VERSUS | NO: 00-0334 |
| **MICKEY HUBERT, WARDEN** | SECTION "K" (6) |

## ORDER AND REASONS

Before this court is an application for writ of habeas corpus filed pursuant to 28 U.S.C.§ 2254 by petitioner Madison Marshall (hereinafter "Petitioner") who is presently serving a three year sentence for second felony theft at Winn Correctional Facility. Upon review of the record and the law, this Court has determined that the record is sufficient, no evidentiary hearing is needed, and the petitioner is not entitled to relief.

## PROCEDURAL HISTORY

Petitioner was charged by bill of information on January 26, 1998 with theft of $100 to $500 dollars. On February 17, 1998, Petitioner pled guilty to that charge. On the same date, the State filed a bill of information charging Petitioner as a second felony offender based on a 1988 narcotics



___Fee_____
___Process___
_X_ Dktd____
___CtRmDep__
Doc.No.___6_

predicate conviction. Petitioner pled guilty to the multiple offender bill, and was sentenced by the Criminal District Court to serve three years at Winn Correctional Facility. Nine months later, on November 19, 1998, Petitioner filed for post-conviction relief with the Criminal district court. By February 9, 1999, the district court had not yet ruled on Petitioner's application. Petitioner thus filed a supervisory writ with the Louisiana Fourth Circuit Court of Appeal to compel the district court to rule on Petitioner's application. On February 22, 1999, Petitioner filed a writ of mandamus/application for writ of certiorari with the Louisiana Supreme Court asking the Supreme Court to order both the District Court and the Louisiana Fourth Circuit Court of Appeal to rule. Before the Supreme Court had ruled on Petitioner's application, the Louisiana Fourth Circuit Court of Appeal denied Petitioner's writ pursuant to La.C.Cr.P. 930.3. On April 9, 1999, the Louisiana Supreme Court ordered the district court to rule on Petitioner's application for post-conviction relief. On May 4, 1999, the district court rejected Petitioner's claims that the wrong "cleansing period" was applied to his latest conviction and ruled that the "cleansing period" to be applied for multiple felony offenders was the one enacted and controlling at the time of the second offense.

Thereafter, on June 16, 1999, Petitioner filed a supervisory writ with the Louisiana Fourth Circuit Court of Appeal arguing that the application of the multiple offender "cleansing period" violated constitutional ex post facto provisions and consequently, that he was denied effective assistance of counsel. On July 12, 1999, the Louisiana Fourth Circuit Court of Appeal denied the writ and upheld the district court's denial of post-conviction relief. On July 15, 1999, Petitioner filed a supervisory writ with the Louisiana Supreme Court contending essentially the same grounds for relief argued to both the district and appellate courts. He expanded his claims to include a Brady claim. On January 7, 2000, the Louisiana Supreme Court denied petitioner's application. The instant

writ of habeas corpus was filed on January 24, 2000.

### Claims

**Claim 1:** Petitioner's rights under the Louisiana and United States Constitutions have been violated because the application of the ten year "cleansing period" under the multiple offender statute constituted a ex post facto violation of law.

**Claim 2:** The prosecutor failed to disclose evidence favorable to petitioner, i.e., that an incorrect "cleansing period" was applied to Petitioner.

**Claim 3:** Petitioner was denied effective assistance of counsel because counsel did not object to Petitioner being charged as a multiple offender and advised him to plead guilty to allegations stated in the bill of information based on an incorrect "cleansing period."

### (1) TIMELINESS OF WRIT

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), generally requires that a petitioner bring his federal habeas corpus claim filed pursuant to 28 U.S.C. § 2254 within one year of the date his conviction became final. See U.S.C. § 2244(d)(1)(A), as amended. In the case at bar, Petitioner pled guilty and was sentenced as a two-time felony offender on February 17, 1998, subsequent to the effective date of the AEDPA. He took no direct appeal. Thus, his conviction was final, pursuant to La.C.Cr.P. art. 922, on March 3, 1998[1]. Therefore, Petitioner had until March 3,

---

[1] See La.C.Cr.P. art. 922, which states in part:
A. Within fourteen days of rendition of the judgement of the supreme court or any appellate court ...a party may apply for rehearing...
B. A judgement rendered by the supreme court or the appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has

1999 to file his federal petition unless the limitation period was otherwise tolled.

Petitioner allowed nine months and two days of the one year limitation period to elapse before he filed for post-conviction relief in the State district court on November 9, 1998. He had post-conviction applications pending before the State courts from November 9, 1998 through January 7, 2000.[2] Petitioner then filed the instant writ application in this federal district court on January 24, 2000, allowing only 17 more days of his limitation period to expire. Accordingly, his federal petition is timely filed, which the State concedes.

### (2) EXHAUSTION OF STATE CLAIMS

Petitioner has exhausted his claims at the state level. The doctrine of exhaustion requires that the factual allegations and evidence supporting a claim must have been presented to the state courts and that the petitioner must have alleged the same legal theories in his federal petition that were advanced in the state courts. The principal reason behind this requirement is comity.

Under Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d. 3 (1982), Petitioner must challenge his state conviction on the same grounds or "somewhat similar" grounds in his application for federal habeas corpus, citing Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30

---

been made.
C. If an application for a rehearing has been made timely, a judgement of the appellate court becomes final when the application is denied.
D. If an application for a writ of review is timely filed with the supreme court, the judgement of the appellate court from which the writ is sought becomes final when the supreme court denies the writ.

[2]See U.S.C. 2244 (d) (2) for applicable tolling provision.

L.Ed.2d 438 (1971). In the instant case, Petitioner has raised the same legal theory which he had previously raised before the Louisiana Supreme Court. He argues that the wrong cleansing period was applied to his multiple offender bill and therefore (1) the state failed to disclose favorable evidence to him and (2) he was denied effective assistance of counsel. In his federal habeas petition, the essential issue raised is the constitutionality of the retroactive multiple offender cleansing bill. Therefore, the State concedes that Petitioner has satisfied the exhaustion requirement.

### (3) PROCEDURAL BAR

Petitioner is procedurally barred from raising the instant claim. Under Coleman, a federal court will not

> review a question of federal law decided by a state court if the decision of the court rests on a state law ground which is independent of the federal question and adequate to support the judgement. The rule applies whether the state law ground is procedural or substantive. In the context of direct review of a state court judgement, the independent and adequate state law ground is jurisdictional. In the habeas context, the application of independent and adequate state law ground doctrine is grounded in concerns of comity and federalism. Without this rule, a federal district court would be able to do what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by adequate and independent state grounds an end run around the limits of this Courts's jurisdiction and as a means to undermine the State's interest in enforcing its laws.

Coleman v. Thompson, 501 U.S. 772, 735, 111 S. Ct. 2546, 2553-2554, 115 L.Ed. 640 (1991).

In this case, the Louisiana Supreme Court refused to consider the merits of Petitioner's claims on the basis of La.C.Cr.P. art. 930.3 and Melinie v. State, 665 So.2d 1172 (1996). The state therefore argues before this Court that federal habeas review is also barred by virtue of Petitioner's procedural default in state courts. The state's position has merit.

In Melinie, supra, the Louisiana Supreme Court, relying on Article 930.3, ruled that claims

of excessive sentence or errors in sentencing which should be raised on direct appeal were not grounds for post-conviction relief. Petitioner herein did not raise his claim challenging his sentencing as a multiple offender on direct appeal and therefore procedurally defaulted his sentencing claim in the state courts.

Generally, a federal court will not review a question of federal law decided by a state court if that decision rests on a state ground that is both independent of the federal question and adequate to support the judgement. Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995), cert. denied, 116 S.Ct. 557, citing Harris v. Reed, 489 U.S. 255, 260 (1982). In order to fulfill the independence requirement, the last state court rendering a judgement in the case must "clearly and expressly" indicate that its judgement is independent of federal law and rests on a state procedural bar. Amos, 61 F.3d at 338; Harris, 489 U.S. at 263. In denying Petitioner's application, the Louisiana Supreme Court clearly and expressly relied upon Melinie and Article 930.3's prohibition against bringing sentencing claims in post-conviction applications. The Louisiana Supreme Court's holding is sufficient to fulfill the independence requirement.

The state procedural rule must also be "adequate." An adequate rule is one that the state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims. Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997), citing Amos, 61 F.3d at 339. A state procedural rule enjoys a presumption of adequacy when the state court expressly relies upon it in deciding not to review a claim for collateral relief. Id., citing Lott v. Hargett, 80 F.3d 161, 165 (5th Cir. 1996).

Review of Louisiana Supreme Court decisions since the decision rendered in Melinie, supra, establishes that the Louisiana Supreme Court has regularly invoked the statutory procedural bar and

the Melinie decision to bar review of claims not cognizable under Article 930.3. Moreover, Petitioner does not suggest that the statute has not been evenhandedly applied. Accordingly, this Court finds that the statute is adequate to bar federal review of Petitioner's defaulted claim.

Therefore, because there are adequate and independent state grounds to support the rulings of the state courts, including the Louisiana Supreme Court, Petitioner's writ of habeas corpus must be barred unless he can show cause for the default and actual prejudice. Coleman, 111 S. Ct. at 2553-2554.

### (4) CAUSE AND PREJUDICE FOR DEFAULT

Under Coleman, a petitioner may overcome a procedural default, whether the default was purposeful or inadvertent, if the Petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 749, 111 S.Ct. at 2564. To demonstrate "cause" Petitioner must prove that some condition external to the defense impeded Petitioner's efforts to comply with procedural rules, that the factual or legal basis of a claim was not available to counsel or that governmental interference rendered procedural compliance impractical. Murray v. Carrier, 477 U.S. 487, 488, 106 S.Ct. 2639, 2645, 91 L.Ed. 397 (1986). Petitioner fails to demonstrate "cause" for his procedural default, which occurred when he failed to raise his claims on direct appeal.[3]

Additionally, Petitioner submits no evidence in support of a contention that "actual

---

[3]This court's review of the record reveals that no direct appeal has ever been lodged in Petitioner's case.

prejudice" has resulted and that a failure to review claims has resulted in a "fundamental miscarriage of justice." A "fundamental miscarriage of justice" exists in extraordinary circumstances where the constitutional violation has possibly resulted in the conviction of one who is actually innocent. Murray, 106 S.Ct. at 2645. In the case at bar, Petitioner does not argue that he is innocent or that a fundamental miscarriage of justice has occurred. Moreover, given the fact that he pled guilty to both the substantive offense and the multiple offender bill, he cannot argue actual innocence before this court.

Therefore, Petitioner has failed to establish cause, prejudice, or fundamental miscarriage of justice sufficient to allow the federal court to review his federal habeas application notwithstanding the procedural default. Accordingly, federal habeas review is foreclosed.

## RESOLUTION ON THE MERITS

In the alternative, a review of the merits of Petitioner's claim reveals that Petitioner's claims are without substance. Petitioner contends that the application of the increased "cleansing period" at the time of his second conviction constituted an ex post facto violation of his Constitutional rights. Both the U.S. Const. art. 1, § 10, and the La. Const. art. 1,§ 23 prohibit ex post facto application of criminal laws by the state. To fall within the prohibition, the law must apply to events occurring before its enactment and it must disadvantage the defendant affected by it. Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed. 17 (1981).

In Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990), the Supreme Court determined that the ex post facto clause's prohibition is triggered only by a statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission; or which deprives one charged with

a crime of any defense available according to law at the time the act was committed. Collins, 110 S.Ct. at 2719 (quoting Beazell v. Ohio, 269 U.S. 167, 169-70, 46 S.Ct. 68, 68, 70 L.Ed. 216 (1925)). In Collins, the petitioner had applied for a writ of federal habeas corpus just as in the case at bar. He challenged the constitutionality of La.C.Cr.P. art. 916, which gives retroactive jurisdiction to the sentencing court to sentence defendants under Louisiana's habitual offender statue after entry of order to appeal. The court held that this was not an ex post facto violation because it did not fall under the strict prohibition of the clause.

In the present case the underlying Multiple Offender Statute, La.R.S. 15:529 (1)(C), is the statute Petitioner challenges. It states:

> This Section shall not be applicable in cases where more than ten years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions, or adjudications of delinquency, at the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in any said ten year periods.

The multiple offender proceeding under this statute does not charge a new crime, but is simply an enhancement of the sentence for the substantive crime. Therefore, the key date for determining whether an amendment to the multiple offender is applied ex post facto is the date of the commission of the substantive offense. State v. Morgan, 686 So.2d. 1048 (La. App. 5th Cir. 1996); State v. Keys, 649 So.2d. 1107 (La. App. 2nd Cir. 1997).

In the present case, petitioner was convicted of a narcotics felony in 1988 and served three years until October 1992 in a penal institution. He was charged as a multiple offender on February 17, 1998, and pled guilty. At this time the applicable "cleansing period" as quoted above, was ten years from the date the prisoner was released from the custody of the penal institution, or October

2002. Petitioner's contention that the cleansing period as applied to his case was incorrect or unconstitutional is without merit.

In State v. Brinson, 699 So.2d 510 (La. App. 4th Cir. 1997), the court stated:

> [a]mendments increasing the cleansing period under multiple offender statutes, to preclude use of prior conviction for multiple offender purposes only if more than ten, not five, years had elapsed since the expiration of the maximum sentence for prior conviction and the time that defendant committed his latest felony, could be applied to defendant whose prior conviction preceded amendments' effective dates without violating Ex Post Facto Clause.

This judgment is directly applicable to the case at bar. Furthermore, at the time of his arrest he was put on notice that the cleansing period had changed and could no longer rely on the former five year cleansing period which was applicable at the time of his prior offense. Id. at 512.

Because the extended "cleansing period" does not increase the punishment for an offense after a defendant commits a crime, punish as a crime an act previously committed, which was innocent when done, or deprive one charged with a crime of a defense available according to law at the time when the act was committed, it is not ex post facto application of the law. Accordingly, even though this Court finds that Petitioner's application for writ of habeas corpus is procedurally defaulted because there are "adequate and independent" state law grounds to support the State Court rulings, this Court has reviewed the merits of Petitioner's claims, and finds that the statutory ten-year cleansing period does not violate of state or federal constitutional ex post facto clauses, nor was it applied incorrectly in the instant case.

Furthermore, while petitioner raises two other issues, namely, ineffective assistance of counsel, and failure to disclose favorable evidence, both of these claims depend upon a finding that the ten year cleansing period application was unconstitutional. Because this Court has found that

application of the ten-year cleansing period was not unconstitutional, Petitioner's ineffective assistance and failure to disclose favorable evidence arguments are foreclosed. Moreover, Petitioner has submitted no evidence to support these claims nor has he attempted to satisfy the elements of such claims under Brady[4] or Strickland[5]. Thus, even if this Court could reach these claims, they would be denied.

---

[4] Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1962).

[5] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## CONCLUSION

In light of the foregoing, this Court finds Petitioner's application for writ of habeas corpus procedurally barred. The decisions of the state courts rely upon state law grounds independent of the federal question and based on grounds adequate to support the judgment. Furthermore, Petitioner cannot demonstrate that the state court's decisions were contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Accordingly;

**IT IS SO ORDERED** that the application for writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this ___31st___ day of July, 2000.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE